UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KENNETH E. CASTLE, | No. C 13-2089 LB |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | [Re: ECF No. 1] |
| J. A. SORES; et al., | |
| Defendants. | |

## INTRODUCTION

Kenneth E. Castle, a prisoner at the Correctional Training Facility in Soledad, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and gives Castle leave to file an amended complaint.

## STATEMENT

In the portion of the form complaint where a plaintiff is instructed to provide a statement of his claim, Castle alleges that the prison litigation coordinator interviewed him and told him that several persons processing his inmate appeal "didn't know what to do as (sic) to answer" the appeal. ECF No. 1 at 3. Castle further alleges that the litigation coordinator told him that the inmate appeal would be denied at all three levels. Castle does not allege anything about the subject matter of the inmate appeal. Although the statement of claim is very brief and uninformative, there are dozens of

pages of exhibits attached to the complaint indicating that Castle fell in the prison exercise yard, hurt his leg, and continued to have problems with his leg.

## ANALYSIS

### A. Legal Standards

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Review of Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. The mishandling or failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a violation of the prisoner's right to due process. There is no federal constitutional right to a prison

UNITED STATES DISTRICT COURT
For the Northern District of California

administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see generally Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Prison officials are not liable for a due process violation for simply failing to process an appeal properly or failing to find in Castle's favor.

Castle's attachment of numerous documents relating to his fall and medical problems indicate that he may want to complain about the fall or medical care, but the text of the complaint does not provide enough details for the court to determine whether any of Castle's constitutional rights may have been violated and whether defendant may be liable. The court will not read through exhibits to attempt to piece together a claim for a plaintiff. It is a plaintiff's duty to provide a statement that is a complete statement of his claims against each of the defendants. Below, the court provides the basic law relevant to claims about dangerous conditions and medical care for Castle's consideration in preparing his amended complaint.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures to protect the health and safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See id.* at 835-36 & n.4.

If Castle wishes to assert a claim for relief based on his fall in the exercise yard, he must allege facts showing that the condition in the exercise yard presented an objectively serious risk to his safety and that defendants knew of and were deliberately indifferent to that risk to his safety. The Eighth Amendment's prohibition of cruel and unusual punishment "imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials." *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir.

1996).

If Castle wishes to assert a claim for relief based on his medical care, he must allege facts that would show that he had a serious medical need and that defendants responded with deliberate indifference to it. A serious medical need may exist if the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). For the subjective, or "deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation and internal quotation marks omitted).

In his amended complaint, Castle must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Castle is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

**CONCLUSION**

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **June 28, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Castle is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of

the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: May 29, 2013

_____
LAUREL BEELER
United States Magistrate Judge