UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KENNETH E. CASTLE, | No. C 13-2089 LB |
| Plaintiff, | **ORDER DENYING REQUEST TO REOPEN THE ACTION** |
| v. | [Re. ECF No. 17] |
| J. A. SORES; et al., | |
| Defendants. | |

Kenneth E. Castle filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. The court reviewed the complaint, dismissed it for failure to state a claim, and granted Castle leave to file an amended complaint no later than June 28, 2013. ECF No. 10 at 4. Castle did not file an amended complaint, although he did submit two letters to the court. The action was dismissed on July 11, 2013 for failure to state a claim upon which relief may be granted. ECF No. 15. As explained in the order of dismissal, even liberally construing Castle's two letters to be an amended complaint did not help Castle because they failed to cure the several deficiencies identified in the order of dismissal with leave to amend. *See id.*

After this action was dismissed, Castle sent a letter requesting reinstatement of his claims and submitting further documents relating to his claims. ECF No. 17. The court construes the letter and attachments to be a request to reopen the action to permit the consideration of the documents

attached to his letter as an amended complaint. So construed, the request is DENIED. ECF No. 17. There is no reason to vacate the order of dismissal or reopen the action because the letter and attachments thereto do not cure the pleading deficiencies identified in the order of dismissal with leave to amend or in the order of dismissal.

The attachments to Castle's letter requesting that the action be reopened consist of: (1) a page discussing legal principles, (2) a page of allegations about the handling of his inmate appeal, and (3) an "affidavit for waiver of government claims filing fee and financial information form." ECF No. 17. Castle's discussion of the principles of negligence and compensatory damages, *see id.* at 2, does not aid him because it appears to have been copied from a legal text and does not allege facts regarding any defendant's acts or omissions. Castle's description of the alleged mishandling of his inmate appeals, *see id.* at 3, does not state a claim for the reasons explained in the order of dismissal with leave to amend. *See* ECF No. 10 at 2-3. Finally, Castle's attachment of an "affidavit for waiver of government claims filing fee and financial information form," *see* ECF No. 17 at 5-17, does not aid him because it does not allege any acts or omissions by any defendant that are even suggestive of deliberate indifference to his safety or medical needs. In fact, Castle's statement in that form that he was injured due to the "negligen[ce]" of unidentified prison staff members, *see id.* at 8, indicates that his claim should be pursued in state court because negligence is not actionable under
§ 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994).

Whether considered individually or in combination with the other letters from Castle, the letter and attachments at ECF No. 17 fail to state a claim upon which relief may be granted against any defendant. Therefore, the court will not vacate its earlier dismissal of the action or reopen the action. Castle is reminded that the dismissal of this action is without prejudice to him filing an action in state court to pursue any state law claims he may have.

**IT IS SO ORDERED.**

Dated: August 23, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 13-2089 LB
ORDER         2